FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 4 - 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIZABETH PASTOR,

                      Plaintiff,

    -against-

PARTNERSHIP FOR CHILDREN'S RIGHTS,

                      Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM & ORDER
10-cv-5167 (CBA) (LB)

**AMON, Chief United States District Judge**.

    Elizabeth Pastor, proceeding pro se, brought this action against her former employer, Partnership for Children's Rights ("Partnership"), alleging violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* On September 28, 2012, this Court granted the Partnership's motion for summary judgment, finding that it was not an "employer" within the meaning of Title VII and the ADA because it employed less than 15 employees. (DE 47.)

    Plaintiff now moves for reconsideration.[1] Attached to the motion are (1) a letter from ADP TotalSource ("ADP") addressed to plaintiff stating that the Partnership entered into a co-employment relationship with ADP to provide human resources services, (2) a copy of one of plaintiff's earnings statements and pay stubs issued by ADP, and (3) a copy of the Partnership's general ledger indicating as an expense ADP payroll processing fees. Plaintiff appears to argue

---

[1] Plaintiff has not identified under which rule she seeks reconsideration. Because she has failed to present any arguments that would entitle her to relief under Fed. R. Civ. P. 60(a) or (b)(1)-(5) and the case does not involve "extraordinary circumstances justifying relief" under the catch-all provision of Rule 60(b)(6), Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986), the Court construes plaintiff's motion as having been made pursuant to Rule 59(e). As Plaintiff filed her motion seven days after entry of judgment, her motion is timely. Fed. R. Civ. P. 59(e).

that (1) these documents show that ADP is a co-employer for purposes of Title VII and the ADA and (2) she was denied discovery of defendant's full payroll records.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (quoting Codero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008)). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted). "Ultimately, the decision of whether to grant a motion for reconsideration rests within the sound discretion of the district court." Metso Minerals, Inc. v. Powerscreen Intern. Distrib. Ltd., 722 F. Supp. 2d 316, 320 (E.D.N.Y. 2010).

As an initial matter, the Court rejects plaintiff's attempt to obtain further discovery. The Court notes that plaintiff has already attempted once to reopen discovery, which attempt was denied (DE 34–37), and plaintiff did not appeal the ruling. A motion for reconsideration may not "be used as a vehicle for relitigating issues already decided by the Court." Montblanc-Simplo GmbH, 739 F. Supp. 2d at 147; see also Tatum v. The City of New York, No. 06-CV-4290, 2009 WL 976840, at *3 (S.D.N.Y. Apr. 9, 2009) ("[Plaintiff's] failure to pursue, develop and present evidence sufficient to support his . . . claim in the first instance does not entitle him to a second

2

bite at the apple of discovery."). Accordingly, plaintiff's motion, to the extent that she requests further discovery, is denied.

Turning to plaintiff's remaining argument, that ADP is a co-employer along with the Partnership, the Court finds that it did not overlook any facts or law that would alter its conclusion that the Partnership is not an "employer" within the meaning of Title VII and the ADA. The letter from ADP, which states that the Partnership "entered into a co-employment relationship with ADP TotalSource to provide human resource services to worksite employees like [plaintiff]," was not in the record when the Court decided the motion for summary judgment. As the letter is dated May 2009, it was available to plaintiff well before the Court's ruling and thus the motion is not based upon "newly discovered evidence [that] could not have been discovered 'with reasonable diligence' prior to the court's ruling." Tatum., 2009 WL 976840, at *1 (quoting Fed. R. Civ. P. 60(b)(2)).

But even considering the letter and other financial documents, plaintiff fails to establish that the Partnership should be considered an "employer" for purposes of Title VII and ADA liability. The Court first notes that the Second Circuit has not decided the question of "whether employees of different entities may be aggregated . . . to satisfy Title VII's fifteen-employee threshold." Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005). The Arculeo Court, however, explained the difference between the "single employer" and "joint employer" doctrines under which an employee may assert liability against an entity not formally her employer and how aggregation might function differently in each context:

> A "single employer" situation exists where two nominally separate entities are actually part of a single integrated enterprise. In such circumstances, of which examples may be parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management, the nominally distinct entities can be deemed to constitute a single enterprise . . . . In a "joint employer" relationship, in contrast, there is no single integrated enterprise. A conclusion that

> employers are joint assumes that they are separate legal entities, but that they handle certain aspects of their employer-employee relationship jointly.
>
> ...
>
> In the single employer context, the court draws the conclusion that, although nominally and technically distinct, several entities are properly seen as a single integrated entity. Accordingly all the employees of the constituent entities are employees of the overarching integrated entity, and all of those employees may be aggregated to determine whether it employs fifteen employees. In contrast, when the circumstances of one employee's employment justify the conclusion that she is being employed jointly by two distinct employers, it does not follow that all the employees of both employers are part of an integrated entity encompassing both. A joint undertaking by two entities with respect to employment may furnish justification for adding to the employees of one employer those employees of another who are jointly employed by the first, but such joint undertaking does not furnish logical justification for adding together all the employees of both employers, unless the circumstances justify the conclusion that all the employees of one are jointly employed by the other.

425 F.3d at 198-199 (citations, alterations, and internal quotation marks omitted). Assuming without deciding that employees may be aggregated to satisfy Title VII's fifteen-employee threshold, the Court found that the plaintiff (1) did not present an argument under the single employer theory and (2) failed to put forth evidence establishing that either of the two companies at issue jointly employed at least fifteen people.

Similarly, here, even assuming aggregation would be appropriate, plaintiff's additional materials fail to establish that the Partnership employed at least fifteen people. Although the letter from ADP states that ADP is in a co-employment relationship with the Partnership to provide HR services, the record does not support an inference that ADP and the Partnership are actually a single overarching integrated entity. Nor does plaintiff provide evidence identifying which, if any, ADP employees were under the supervision of the Partnership such that they should be considered Partnership employees under a joint employer theory. In short, plaintiff fails "to set forth specific facts showing that there is a genuine issue of material fact to be tried,"

4

as required by Federal Rule of Civil Procedure 56(c). <u>Ying Jing Gan v. City of New York</u>, 996 F.2d 522, 532 (2d Cir. 1993).

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

SO ORDERED.

                                                                                   /s/
                                                       CAROL BAGLEY AMON
                                                       Chief United States District Judge

Dated: Brooklyn, New York
       Jan 3, 2013