**MANDATE**

12-4127-cv
*Pastor v. Partnership for Children's Rights*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

  Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand and thirteen.

PRESENT:

  JOHN M. WALKER, JR.,
  JOSÉ A. CABRANES,
  RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

------------------------------------------------x

ELIZABETH PASTOR,

  *Plaintiff-Appellant*,

  -v.-            No. 12-4127-cv

PARTNERSHIP FOR CHILDREN'S RIGHTS,

  *Defendant-Appellee.*

------------------------------------------------x

**FOR PLAINTIFF-APPELLANT:**  Elizabeth Pastor, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**  Michael A. Frankel, Jackson Lewis LLP, White Plains, NY.

1

Appeal from the September 28, 2012 judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 28, 2012 judgment of the District Court be **AFFIRMED**.

Elizabeth Pastor, *pro se*, appeals from the District Court's grant of summary judgment to the Partnership for Children's Rights ("Partnership"), dismissing her employment discrimination complaint because the Partnership did not have the requisite fifteen or more employees to constitute an "employer" for purposes of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, during the relevant years. *See Pastor v. P'ship for Children's Rights*, No. 10 Civ. 5167 (CBA), 2012 WL 4503415 (E.D.N.Y. Sept. 28, 2012). Pastor also appeals from the magistrate judge's denial of her motion to re-open discovery regarding the Partnership's number of employees. *See* Discovery Order, *Pastor v. P'ship for Children's Rights*, No. 10 Civ. 5167 (LB) (E.D.N.Y. Jan. 30, 2012), ECF No. 37. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment, affirming if "there are no genuine issues of material fact and [] the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We review a district court's discovery rulings for abuse of discretion, bearing in mind that a "district court has broad discretion to manage pre-trial discovery." *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005). The District Court considered Pastor's arguments that various volunteers, interns, board members, and others constituted employees within the meaning of Title VII and the ADA, and concluded, based on the undisputed facts, that they did not. We affirm the grant of summary judgment for the reasons stated in the District Court's memorandum and order of September 28, 2012.[1] We further conclude that the magistrate judge did not abuse her discretion in her January 30, 2012 order denying Pastor's motion to re-open discovery on the basis that the documents in question did not exist.

We have considered all of Pastor's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] To the extent Pastor argues for the first time on appeal that bookkeeper Alvin Linton and other unnamed individuals from "Accountstemps" should be counted as employees, we decline to consider that argument. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).