IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

---

Elizabeth Pastor,                    Petitioner

Vs.

Partnership for Children's Rights,   Defendant

**Rule 60B Motion to Vacate the Judgment**

**No. 10-CV-05167(CBA)(LB)**



1

I Elizabeth Pastor, Pro Se Litigant, is submitting this Motion to Vacate Judgment under Rule 60B because there was a mistake, fraud by opposing side and a key piece of evidence not added to this case. This case is regarding employment discrimination in the workplace. Partnership for Children Rights (PFCR)(Defendant)has violated the law under Title VII of Federal Law. I hereby request an opportunity for the court to grant this Motion to Vacate the Judgment and the possibility of re-opening this case since the court over-looked important documents that states clearly that defendant violated Title VII.

The Equal Employment Opportunity Commission, The Human Rights Division and the State Court failed to properly investigate documents that really mattered the most in order to obtain facts and evidence pertaining to Defendant violating the law under Title VII of the Civil rights Act of 1964 and the Americans with Disabilities Act of 1990('ADA"). The Court over-looked important documents and the EECO and The Division of Human Rights failed to notice substantial evidence regarding Defendant having the requisite fifteen and more employees to constitute an "employer" for the purposes of Title VII. The administrative agencies and courts findings were entirely unreasonable

2

to decide with very little evidence in the lower Courts.  The EEOC and Human Rights Division failed to notice and take into consideration the **signed affidavit** from the accountant that prepared the payroll. The accountant's signed affidavit proves that the defendant indeed paid other employees on other accounts and that there were more employees than the ones listed on the payroll that was only submitted.   The defendant misrepresented his organization to the EEOC and courts and committed fraud by paying others off the books to protect themselves from Title VII.  (**see Exhibit 1**)

The Defendant also owned another organization together with The Partnership for Children's Rights named "**The Warren J. & Florence Sinsheimer Foundation**" that was affiliate with Partnership and function as one & consisted of more employees as well. **(Exhibit 2).**

Partnership also had a **co-employment contract** which I mentioned in the case, and recently found the actual hard copy that I did not submit and neglected to mention in detail how ADP is inter-winded with Partnership.   ADP Total Source and Partnership stated in writing (in contract) that the Partnership has a co-employment relationship

with ADP and has chosen and had full control to handle all aspects to conduct all the Human Resources functions such as hiring, health insurance, short term disability, Cobra, retirement plans, adding more employees to meet the threshold and has the employer-employee relationship jointly. ADP jointly hired me and stipulated the terms of my employment. The aggregated number of employees meets the threshold. **(Exhibit 3)**

This case has been an unfair case and it is Arbitrary and Capricious and was not supported by substantial evidence nor were the documents investigated deeper especially with what Alvin's Affidavit that says volunteers and others were getting paid off the books and under another account. For example, Ms. Mary Boyle and Lauren Whitman were compensated. Unfortunately, both employees were not listed on the payroll along with other. Shall we call this Fraud!? The Defendants payroll was the only document submitted, reviewed and allowed due to limited discovery.

The wording used in the Division's and EEOC investigation threaten my individual rights. The words in the investigation were inconsistent

4

and twisted around and are not how things went in this case and went only by what defendant said. Clearly, important documents were overlooked, some never submitted to really prove the number of employee's defendant had. There was no thorough investigation by the EEOC whatsoever and defendant got away with hiding the number of employees and by stating that most documents that I requested were not available or missing. There was an error of Law in the State level as to the minimum of 4 employee to sue under the state law for discrimination when Defendant had more than 15 employees to have meet the threshold in the State Court as well as the District Court and should have held a hearing on the Article 78 proceeding and rendered a decision. Instead, they improperly transferred the matter to the Appellate Division 2nd Department without enough evidence, nor hearing nor oral arguments. There were several Motions that were unreasonably denied over and over throughout the lower courts with no oral arguments and no real evidence to challenge. The Judge should have requested a more thorough investigation and asked defendant to submit all documents that can prove the number of employees. The courts and investigators only went by what Defendant said and never

considered nor analyze what I asked for when I challenged the attached stipulation about needing ALL DOCUMENTS to prove how many employee's they really had. The Judges in the lower courts decided on this case without reasonable grounds nor adequate information. What was challenged in the **Stipulation attached (Exhibit 4)** was what should have been presented where I was able to have all and any specific documents pertaining to the number of employees. Meanwhile, limited discovery was granted by the judge and defendant claimed not to have any of these documents on hand when Any all tax forms with this information can be obtained.

Again, Partnership had more than 15 employees due to paying more employees not listed on payroll as well as another organization "under the radar" and by entering a co-employment contract with ADP Total Source.

The Human Rights Division and the EEOC disregarded obvious evidence of discrimination, retaliation and failure to promote me in the work place due to my race, age and by hiring younger white females only and then stating they were experiencing a hardship when it was

not true. Defendant knows this is prohibited and had his preference to helping younger white females and educating them for a better career and wanting to give my position to a white volunteer named Sydney. The organization dedicated themselves to providing help for the disadvantage but advancing the whites for a better education. There were unequal terms and conditions of my employment such as providing retirement benefits (403K) only to the executives and which were those they favored or had better titles. During that period, I've asked several times again and again if we can contribute to the retirement plan and there was never a reply.

Partnership claimed to have had a hardship to eliminate my position as soon as I complained about being treated unfavorably and asking why certain employees got the privilege to leave early. Especially new employees or those who were hired after I was. The District Court committed an error by granting limited discovery and not reviewing the corporate checking accounts that truly revealed those who were compensated apart from the ADP payroll and that should have been aggregated with the 14 employees listed on the ADP payroll. The courts irrationally over-looked important documents and were not properly

considered in my case. There were none fully disposed of records that revealed the existence of more employees ADP payroll that clearly existed. Despite not having the opportunity for full discovery, there was a lot of doubt in the judgment and suspicion in their financial reports as to who was compensated and if the threshold was meet. Their financial report I submitted clearly had interesting information regarding salaries and fringe benefits paid to or given to everyone. The respondent's annual reports that I submitted, revealed the existence of more employees versus the ADP payroll which only has salaries and was only allowed to be submitted by the court. Their yearly report had three separate specific columns which are employees, benefits and fringe benefits. The fringe benefits in addition to payroll determined who is an employee under Title VII including the contract with ADP Total Source. Unfortunately, the courts went by what respondent submitted and ignored these important documents. The courts did not consider the NYS 45 ATT Tax form or the charts of accounts that were requested by me nor the Roster Report that gets submitted to the Labor Department. The state tax form indicated all the employees employed by the defendant every quarter. All employers with at least 5

employees must file this form but Defendant claimed not to have any of these records. The existence of this form mattered a great deal for this case. The suspicion really lies on the area where it states that in all relevant years, the amount paid to employees was greater than what was stated on payroll. Proving that there were more employees vs. the amount on their payroll including the possibility of raises. Their payroll expense and their payroll amount on their financial report compared to their general ledger did not match. In 2008, payroll expense was $534,853 which was higher than previous year and higher each year after. That is proof that more employees were getting compensated. In 2007 payroll expense was 475,136. Each year it was greater but not matching with payroll. Nothing made sense as to why they eliminated my position except for discrimination and retaliation soon after I complained and they used the excuse that that they were experiencing a hardship. They were not experiencing a hardship at all. Their revenue and Support in 2008 were $665,155 and in 2009 was $1,352.589. To say that they had to terminate me because they were experiencing a hardship was ridiculous! Their funding in 2008 was $143,000 and in 2009 was $156,250. The EEOC wrote in the report that

the funding decreased. That was also false. Partnership stated in an email that staff was safe with our jobs despite the economy turndown, and they continued to hire before and after the fact. Terminating me for the reasons said was lame and untruthful. All revenue, fringe benefits, etc. were greater each year and the court overlooked these important details as well.

The courts should have made a decisions based on full and thorough investigations from the administrative agencies and EEOC before deciding on cases with very little facts. Unfortunately, based on lack of thorough investigations from the lower courts, we are faced with trying to explain our experienced of discrimination when it occurs. The court also denied pro bono attorney due to fees?? It was a court order and hard to comprehend.

There was a lot of doubt with the requisite number of employees, doubt regarding experiencing a hardship and doubt when they continued to hire younger white females before and after the fact and when I was out on disability. Partnership tried to gather paper trail to make out if this lay off was in good reason but it wasn't. The grounds under which they

sought to terminated me was discriminatory . The courts should have included everything in their records that pertained to documents that can determine the number of employees for the purpose of Title VII and see the reason behind it. Both organizations should have had their yearly financial reports scrutinize and more. It was clear this was suspicious. It clearly showed they discriminated and lied to cover up. The facts are, that the laws of Title VII were not applied to my case. The 15 employee's threshold was met by the defendant, and a co-employment with ADP Total Source existed. The District court never checked their corporate accounts to reveal those who were compensated or anything else. They never considered the affidavit from the accountant that mentions a few employees were considered "consultants" and some paid off the books. The CEO's and his wife were never checked to see if they were considered an "employee" in both organizations. Their discretion intruded on my rights where the outcome would have been different if they had all the facts.

Conclusion: The Rule 60B Motion to vacate the judgment should be granted.

Respectfully submitted, *Elizabeth Pastor* Dated 2/4/2019

Jackson Lewis P.C.

Michael A. Frankel-Defendant Attorneys

44 South Broadway, 14th Floor

White Plains, NY 10601

(914) 872-8060

Elizabeth Pastor

6801-21st Avenue

Apt D4

Brooklyn, NY 11204

(718)331-2106 – home,   (347) 578-0323 - cell

# Exhibit 1

*my copy*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ELIZABETH PASTOR,

                  Plaintiff,

       -Against-                        Case No. 10-CIV-05167 (CBA)
(LB)

PARTNERSHIP FOR CHILDREN'S RIGHTS       **AFFIDAVIT**

                  Defendant

-----------------------------------------------------------x

STATE OF NEW YORK)

COUNTY OF KINGS

Alvin Linton being duly sworn deposes and says:

   I am a witness in this action, and I respectfully submit this affidavit dated May 7, 2011. I

have personal knowledge of facts which bear on this motion.

   I Alvin Linton am an accountant for 30 years. I was hired to do the bookkeeping for

Partnership for Children's Rights in 2007 and 2008 through the temp agency Accounttemps.

  I was responsible for the bookkeeping. I issued a check for Ms. Lauren Whitman on a

weekly basis for her services at Partnership for Children's Rights.  Ms. Whitman, who started



as a volunteer, was later paid as a consultant for the same services in the same department doing the same job. She and I both shared the same office space. Defendant paid the volunteers and other consultants not on regular payroll, with checks from the Corporation's regular checking account. Ms. Whitman was categorized as a consultant in the Accounting system. Partnership for Children's Rights received reimbursements from the City of New York for the Legal Services provided by consultants. All checks for reimbursements and checks for Ms. Whitman were issued by me.

I declare under penalty of perjury that the foregoing is true and correct.

May, 7, 2011

_____
            Alvin Linton, Witness

Sworn to me before this                                   Alvin Linton

7th day of May 2011                                        699 Sterling Place

Notary Public                                             Brooklyn, NY 11216

Rosie Aponte
License No: 01AP6238919
5/9/2011
Kings Co.

# Exhibit 2

| Form **990-PF** | **Return of Private Foundation** or Section 4947(a)(1) Nonexempt Charitable Trust Treated as a Private Foundation | OMB No 1545-0052 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | Note. The foundation may be able to use a copy of this return to satisfy state reporting requirements | **2011** |

For calendar year 2011 or tax year beginning _____ , and ending _____

| Name of foundation | **A** Employer Identification number |
|---|---|
| THE WARREN J.& FLORENCE SINSHEIMER FOUNDATION | 13-2625039 |

| Number and street (or P O box number if mail is not delivered to street address) | Room/suite | **B** Telephone number |
|---|---|---|
| 22 MURRAY HILL ROAD | | 212-698-2630 |

| City or town, state, and ZIP code | |
|---|---|
| SCARSDALE, NY 10583 | **C** If exemption application is pending, check here ▶ ☐ |

**G** Check all that apply.
☐ Initial return    ☐ Initial return of a former public charity
☐ Final return    ☐ Amended return
☐ Address change    ☐ Name change

**D** 1. Foreign organizations, check here ▶ ☐

2. Foreign organizations meeting the 85% test, check here and attach computation ▶ ☐

**H** Check type of organization: [X] Section 501(c)(3) exempt private foundation
☐ Section 4947(a)(1) nonexempt charitable trust    ☐ Other taxable private foundation

**E** If private foundation status was terminated under section 507(b)(1)(A), check here ▶ ☐

**I** Fair market value of all assets at end of year
(from Part II, col. (c), line 16)
▶$ 110,593.

**J** Accounting method. [X] Cash    ☐ Accrual
☐ Other (specify) _____
(Part I, column (d) must be on cash basis.)

**F** If the foundation is in a 60-month termination under section 507(b)(1)(B), check here ▶ ☐

### Part I Analysis of Revenue and Expenses (The total of amounts in columns (b), (c), and (d) may not necessarily equal the amounts in column (a))

| | | (a) Revenue and expenses per books | (b) Net investment income | (c) Adjusted net income | (d) Disbursements for charitable purposes (cash basis only) |
|---|---|---|---|---|---|
| 1 | Contributions, gifts, grants, etc , received | | | N/A | |
| 2 | Check ▶ [X] if the foundation is not required to attach Sch B | | | | |
| 3 | Interest on savings and temporary cash investments | 1. | 1. | STATEMENT 1 | |
| 4 | Dividends and interest from securities | 2,668. | 2,668. | STATEMENT 2 | |
| 5a | Gross rents | | | | |
| b | Net rental income or (loss) | | | | |
| 6a | Net gain or (loss) from sale of assets not on line 10 | 75,072. | | | |
| b | Gross sales price for all assets on line 6a | 146,725. | | | |
| 7 | Capital gain net income (from Part IV, line 2) | | 75,072. | | |
| 8 | Net short-term capital gain | | | | |
| 9 | Income modifications | | | | |
| 10a | Gross sales less returns and allowances | | | | |
| b | Less Cost of goods sold | | | | |
| c | Gross profit or (loss) | | | | |
| 11 | Other income | | | | |
| 12 | Total. Add lines 1 through 11 | 77,741. | 77,741. | | |
| 13 | Compensation of officers, directors, trustees, etc. | 0. | 0. | | 0. |
| 14 | Other employee salaries and wages | | | | |
| 15 | Pension plans, employee benefits | | | | |
| 16a | Legal fees | | | | |
| b | Accounting fees   STMT 3 | 3,800. | 1,900. | | 1,900. |
| c | Other professional fees | | | | |
| 17 | Interest | | | | |
| 18 | Taxes   STMT 4 | 322. | 322. | | 0. |
| 19 | Depreciation and depletion | | | | |
| 20 | Occupancy | | | | |
| 21 | Travel, conferences, and meetings | | | | |
| 22 | Printing and publications | | | | |
| 23 | Other expenses   STMT 5 | 100. | 0. | | 100. |
| 24 | Total operating and administrative expenses. Add lines 13 through 23 | 4,222. | 2,222. | | 2,000. |
| 25 | Contributions, gifts, grants paid | 153,165. | | | 153,165. |
| 26 | Total expenses and disbursements. Add lines 24 and 25 | 157,387. | 2,222. | | 155,165. |
| 27 | Subtract line 26 from line 12. | | | | |
| a | Excess of revenue over expenses and disbursements | <79,646.> | | | |
| b | Net investment income (if negative, enter -0-) | | 75,519. | | |
| c | Adjusted net income (if negative, enter -0-) | | | N/A | |

RECEIVED
JUL 30 2012
OGDEN, UT

SCANNED AUG 0 1 2012

123501 12-02-11    LHA   For Paperwork Reduction Act Notice, see instructions.    Form **990-PF** (2011)

14400629 715668 07999    2011.04000 THE WARREN J.& FLORENCE SIN 079991

**Form 8868**
(Rev. January 2013)
Department of the Treasury
Internal Revenue Service

## Application for Extension of Time To File an Exempt Organization Return

OMB No 1545-1709

▶ File a separate application for each return.

- If you are filing for an **Automatic 3-Month Extension**, complete only Part I and check this box .......................... ▶ ☒
- If you are filing for an **Additional (Not Automatic) 3-Month Extension**, complete only Part II (on page 2 of this form).

*Do not complete Part II unless* you have already been granted an automatic 3-month extension on a previously filed Form 8868.

**Electronic filing** *(e-file)* **.** You can electronically file Form 8868 if you need a 3-month automatic extension of time to file (6 months for a corporation required to file Form 990-T), or an additional (not automatic) 3-month extension of time You can electronically file Form 8868 to request an extension of time to file any of the forms listed in Part I or Part II with the exception of Form 8870, Information Return for Transfers Associated With Certain Personal Benefit Contracts, which must be sent to the IRS in paper format (see instructions) For more details on the electronic filing of this form, visit *www irs gov/efile* and click on *e-file for Charities & Nonprofits*

| Part I | Automatic 3-Month Extension of Time. Only submit original (no copies needed). |
|---|---|

A corporation required to file Form 990-T and requesting an automatic 6-month extension - check this box and complete Part I only ............................................................................... ▶ ☐

*All other corporations (including 1120-C filers), partnerships, REMICs, and trusts must use Form 7004 to request an extension of time to file income tax returns.*

| Type or print | Name of exempt organization or other filer, see instructions.<br>THE WARREN J.& FLORENCE SINSHEIMER<br>FOUNDATION | Employer identification number (EIN) or<br>13-2625039 |
|---|---|---|
| File by the due date for filing your return See instructions | Number, street, and room or suite no If a P.O box, see instructions.<br>22 MURRAY HILL ROAD | Social security number (SSN) |
| | City, town or post office, state, and ZIP code. For a foreign address, see instructions.<br>SCARSDALE, NY   10583 | |

Enter the Return code for the return that this application is for (file a separate application for each return) ...... [0][4]

| Application<br>Is For | Return<br>Code | Application<br>Is For | Return<br>Code |
|---|---|---|---|
| Form 990 or Form 990-EZ | 01 | Form 990-T (corporation) | 07 |
| Form 990-BL | 02 | Form 1041-A | 08 |
| Form 4720 (individual) | 03 | Form 4720 | 09 |
| Form 990-PF | 04 | Form 5227 | 10 |
| Form 990-T (sec. 401(a) or 408(a) trust) | 05 | Form 6069 | 11 |
| Form 990-T (trust other than above) | 06 | Form 8870 | 12 |

WARREN J.  SINSHEIMER
- The books are in the care of ▶ 22 MURRAY HILL ROAD, SCARSDALE, NEW YORK – 10583
    Telephone No.▶ 212-698-2630                         FAX No. ▶
- If the organization does not have an office or place of business in the United States, check this box ................... ▶ ☐
- If this is for a Group Return, enter the organization's four digit Group Exemption Number (GEN) _____ . If this is for the whole group, check this box ▶ ☐ . If it is for part of the group, check this box ▶ ☐ and attach a list with the names and EINs of all members the extension is for.

1   I request an automatic 3-month (6 months for a corporation required to file Form 990-T) extension of time until
    AUGUST 15, 2013   , to file the exempt organization return for the organization named above. The extension
    is for the organization's return for:
    ▶ ☒ calendar year 2012 or
    ▶ ☐ tax year beginning _____ , and ending _____ .

2   If the tax year entered in line 1 is for less than 12 months, check reason:   ☐ Initial return   ☐ Final return
    ☐ Change in accounting period

| | | | | |
|---|---|---|---|---|
| 3a | If this application is for Form 990-BL, 990-PF, 990-T, 4720, or 6069, enter the tentative tax, less any nonrefundable credits. See instructions. | 3a | $ | 500. |
| b | If this application is for Form 990-PF, 990-T, 4720, or 6069, enter any refundable credits and estimated tax payments made. Include any prior year overpayment allowed as a credit. | 3b | $ | 0. |
| c | Balance due. Subtract line 3b from line 3a. Include your payment with this form, if required, by using EFTPS (Electronic Federal Tax Payment System). See instructions. | 3c | $ | 500. |

**Caution. If you are going to make an electronic fund withdrawal with this Form 8868, see Form 8453-EO and Form 8879-EO for payment instructions.**

LHA   **For Privacy Act and Paperwork Reduction Act Notice, see instructions.**                         Form **8868** (Rev. 1-2013)

223841
01-21-13

09320520 715668 07999         2012.03050 THE WARREN J.& FLORENCE SIN 079991

### THE WARREN & FLORENCE SINSHEIMER FOUNDATION
### EIN: 13-2625039
### CHARITABLE CONTRIBUTIONS
### 2012

| DESCRIPTION | AMOUNT |
|---|---|
| ACKERMAN INSTITUTE FOR THE FAMILY | 250.00 |
| AJC | 1,000.00 |
| ALEXANDER GAGNON FOUNDATION | 400.00 |
| AMERICAN HEART ASSOCIATION | 100.00 |
| AMERICAN JEWISH COMMITTEE | 100.00 |
| BARNARD FUND | 400.00 |
| BETH ISRAEL MEDICAL CENTER | 925.00 |
| BHSEC | 500.00 |
| BRENNAN CENTER FOR JUSTICE | 500.00 |
| BROOKLYN FAMILY DEFENSE PROJECT | 5,500.00 |
| CHANNEL 13 | 300.00 |
| CITY YEAR | 1,500.00 |
| CONNECTICUT COLLEGE | 200.00 |
| FRIENDS OF THE NEW YORK PUBLIC LIBRARY | 100.00 |
| FRIENDS OF THE SCARSDALE LIBRARY | 100.00 |
| FRIENDS OF THE 92ND Y | 200.00 |
| HARLEM ACADEMY | 450.00 |
| HOFF-BOUTHELION MUSIC SCHOOL | 200.00 |
| HUMAN RIGHTS IN CHINA | 1,000.00 |
| HUMAN RIGHTS FIRST | 1,000.00 |
| HUDSON INSTITUTE | 1,000.00 |
| HYPERTENTION EDUCTION FOUNDATION | 1,000.00 |
| I HAVE A DREAM FOUNDATION | 500.00 |
| JACOB BURNS FILM CENTER | 4,500.00 |
| JBFCS | 1,000.00 |
| KLINGENSTEIN CENTER TEACHERS COLLEGE | 500.00 |
| LAWYERS FOR CHILDREN | 1,500.00 |
| LEGAL SERVICES OF THE HUDSON VALLEY | 500.00 |
| LEUKEMIA & LYMPHOMA SOCIETY | 500.00 |
| LINCOLN CENTER OF THE PERFORMING ARTS | 500.00 |
| MARTHA'S VINEYARD HEBREW CENTER | 1,000.00 |
| MARTHA'S VINEYARD HOSPITAL | 180.00 |
| MARY MCDOWELL FRIENDS FUND | 1,100.00 |
| MT SINAI ADOLESCENT HEALTH CENTER | 2,000.00 |
| MSAA | 50.00 |
| MULTIPLE SCLEROSIS ASSOC. OF AMERICA | 50.00 |
| NATIONAL DANCE INSTITUTE | 1,500.00 |
| NEW YORK HALL OF SCIENCE | 1,000.00 |
| NEW YORK PUBLIC RADIO | 2,250.00 |
| SANCTUARY FOR FAMILIES | 1,000.00 |

**THE WARREN & FLORENCE SINSHEIMER FOUNDATION**
**EIN: 13-2625039**
**CHARITABLE CONTRIBUTIONS**
**2012**

| DESCRIPTION | AMOUNT |
|---|---|
| SCAN NY | 500.00 |
| SCARSDALE PBA | 200.00 |
| SCARSDALE FORUM, INC | 75.00 |
| SCARSDALE VOLUNTEER AMBULANCE CORPS | 200.00 |
| SFCS | 300.00 |
| SHS PTA SCHOLARSHIP FUND | 50.00 |
| SURPRISE LAKE CAMP | 1,000.00 |
| THE AUXILIARY OF WHITE PLAINS HOSPITAL | 200.00 |
| THE HYPERTENSION EDUCATION FOUNDATION, INC | 1,000.00 |
| THE MUSEUM OF MODERN ART | 1,000.00 |
| THE SCARSDALE FOUNDATION | 200.00 |
| UJA FEDERATION | 2,500.00 |
| UNITED WAY OF WESTCHESTER AND PUTNAM | 1,500.00 |
| UNIFORMED FEDERATION ASSOC OF SCARSDALE | 100.00 |
| WCC FOUNDATION | 2,280.00 |
| WESTCHESTER ARC FOUNDATION | 100.00 |
| WESTCHESTER JEWISH COMMUNITY SERVICES | 200.00 |
| WHITE PLAINS HOSPITAL | 1,000.00 |
| WNET | 200.00 |
| YOUNG WOMEN'S LEADERSHIP NETWORK | 500.00 |
| | 49,460.00 |

 **GUIDESTAR**

Your search for **Warren and Florence Sinsheimer foundation** produced 1 result.

Viewing 1 – 1 of 1 result

*Donate* **to GuideStar**

 the nonprofit for all nonprofits

**Remove Criteria:**
Keywords: ☒ Warren and Florence Sinsheimer foundation

| Organization Name | Details | | Sort Results By | Relevancy ▼ |
|---|---|---|---|---|
| WARREN J AND FLORENCE SINSHEIMER FOUNDATION INC  Read Reviews | Income: $179,346  Scarsdale, NY 10583 | Category: | Finding and Using IRS Subsection Codes | Detailed Financial and People data included in the GuideStar Premium Report  Buy Report │ Preview Report  More Info |
| | Read More > | | | |

| Organization Name | Details | | Sort Results By | Relevancy ▼ |
|---|---|---|---|---|

Powered By:
⫶⫶**fast**

GuideStar is a 501(c)(3) nonprofit organization. Copyright © 2014, GuideStar USA, Inc. All rights reserved.    Follow Us

# Exhibit 3

*Culled*
*10/26/10 4:34pm*
*@*



**Bottom Line. Your team just got better.**™

May 19, 2009

**Elizabeth  Pastor**
**6801 21st Ave #d4**
**Brooklyn, NY  11204**
LY9AA

Dear Elizabeth  Pastor:

Partnership For Children's Rig entered into a co-employment relationship with ADP
TotalSource to provide human resource services to worksite employees like you.  As of
05/18/2009, these services will be discontinued because your employment status with
Partnership For Children's Rig has ended due to resignation, termination and/or job
elimination.

**If you are covered under ADP TotalSource's life, health, dental, or vision plans,**
**your insurance will terminate effective at the end of the month of your termination.**
**You will be receiving a separate letter regarding COBRA.  If you have elected ADP**
**TotalSource's flexible Spending Account, short term disability, or long term**
**disability, these benefits will end as of your termination date.**

Your W-2 for the current tax year will be mailed to the address on your paycheck.
Should you need to change your address, please call the Employee Service Center at
1-800-554-1802, immediately.  W-2's are mailed out annually at the end of January for
the previous calendar year.

If you participate in the ADP TotalSource retirement plan, and you have any questions
regarding your 401(k) plan termination and/or rollover, or any other issues regarding
your employment with ADP TotalSource, please feel free to contact our Employee
Service Center.

Sincerely,

ADP TotalSource

P: 678.319.6000          **5800 Windward Parkway**
                         **Alpharetta, GA 30005**

# Exhibit 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



———————————————————— x

ELIZABETH PASTOR

PLAINTIFF,

Case No. 10-CV-05167
(CBA)(LB)

-against-

PARTNERSHIP FOR CHILDREN'S RIGHTS

DEFENDANT

———————————————————— x

## OBJECT TO/ RESPONSE TO YOUR STIPULATION

I Elizabeth Pastor Pro Se, find your Stipulation vague and ambiguous. I object to signing the stipulation received on October .21, 2011.

In paragraph 5, the word "retained" should be omitted.  I should be able to have any specific or all documents pertaining to this case, reviewed by the court, an attorney, an accountant, an expert, past or present employee(s), or any other person(s) regardless of whether or not the individuals previously noted are retained or not.

Also, a list of the specific persons you may feel should not see the documents, example: media, etc., shall be listed and agreed upon.

Please feel free to contact me to discuss.

Dated: October 31, 2011

Elizabeth Pastor

6801-21st Avenue, Apt D4, Brooklyn, NY 11204

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

January 14, 2019

Scott S. Harris
Clerk of the Court
(202) 479-3011

Ms. Elizabeth Pastor
6801 21st Ave.
Brooklyn, NY  11204

Re:   Elizabeth Pastor
      v. Partnership for Children's Rights
      No. 18-5981

Dear Ms. Pastor:

The Court today entered the following order in the above-entitled case:

The petition for rehearing is denied.

Sincerely,

Scott S. Harris, Clerk



Elizabeth Pastor
680-21st Avenue
Apt D4
Brooklyn, NY 11204

USM5

To:

United States District Court
for the Eastern District
of New York

225- Cayman Plaza East
Brooklyn, NY 11201

Attn: Pro-Se office
Clerks office