UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ELIZABETH PASTOR,

                Plaintiff,

  -against-

PARTNERSHIP FOR CHILDREN'S
RIGHTS,
                Defendant.

NOT FOR PUBLICATION
**ORDER**
No. 10-CV-5167 (CBA) (LB)

------------------------------------------------------x
**AMON, United States District Judge:**

Elizabeth Pastor filed a pro se complaint against Partnership for Children's Rights ("Partnership") on November 3, 2010 alleging violations of Title VII, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (D.E. # 1.) On September 27, 2012, the Court granted summary judgment in favor of Partnership, holding that it was not an "employer" within the meaning of those statutes. (D.E. # 47 at 7.) Pastor filed a motion for reconsideration one week later, attaching additional evidence of Partnership's "employer" status. (D.E. # 49.) On January 4, 2013, the Court denied that motion for reconsideration. (D.E. # 51.) On November 5, 2013, the Second Circuit affirmed "for the reasons stated in the District Court's memorandum and order of September 28, 2012." Pastor v. P'ship for Children's Rights, 538 F. App'x 119, 120 (2d Cir. 2013). On February 13, 2019, Pastor filed a motion to vacate the judgment in this case. (D.E. # 57.) For the reasons stated below, that motion is DENIED.

Pastor's pro se motion raises many of the same arguments she raised in her opposition to Partnership's motion for summary judgment, (D.E. # 43), and in her motion for reconsideration, (D.E. # 49). She argues that she is entitled to relief from the judgment under Federal Rule of Civil Procedure 60(b) because "there was a mistake, fraud by [the] opposing side[,] and a key piece of evidence not added to this case." (D.E. # 57 at 2.) Under Rule 60(b), "the court may relieve a

1

party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud . . . , misrepresentation, or misconduct by an opposing party," among other grounds not raised here. Fed. R. Civ. P. 60(b)(1)–(3). However, "[a] motion under Rule 60(b)" brought "for reasons (1), (2), and (3)" must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). "This limitations period is absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted). Because Pastor's motion was filed over six years after the entry of judgment, it must be denied.

The Court cannot excuse Pastor's failure to abide by the limitations period by considering her motion under Rule 60(b)(6), which allows a court to grant relief for "any other reason that justifies relief." Although that provision is not subject to the one-year limitations period, "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5)." Warren, 219 F.3d at 114. Pastor's motion fits squarely in Rules 60(b)(1)–(3). Her failure to abide by Rule 60(c)(1)'s limitations period therefore cannot be excused. Accordingly, Pastor's Rule 60(b) motion to vacate the judgment, (D.E. # 57), is DENIED.

SO ORDERED.

Dated: September 6, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

2